```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| RAUL GALVAN,<br>Plaintiff,<br><br>        v.<br><br>STEPHEN SPAULDING, WARDEN,<br>Defendant. | Civil Action No.<br>19-11100-NMG |

                        MEMORANDUM AND ORDER

**GORTON, J.**

Plaintiff Raul Galvan, who is confined at FMC Devens and represents himself pro se, filed a document captioned as a "Memorandum Of Law In Support Of Plaintiff's Motion For Preliminary Injunction, TRO, and Suit." Galvan did not pay the filing fee and did not file a complaint or a motion for leave to proceed in forma pauperis. For the reasons set forth below, the Court directs Galvan to file a complaint and resolve the filing fee.

## I. Filing of a Complaint

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Galvan's motion for injunctive relief does not constitute a complaint. If he wishes to pursue this action, he must file a complaint. The Court cannot consider a motion for injunctive relief without an underlying complaint which contains a statement of the Court's

jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief.  See Fed. R. Civ. P. 8(a).  The requirement to provide a "short and plain statement of the claim" means that the complaint must contain "enough detail to provide [each] defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests, '" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, [and] where,'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)).

In addition, a complaint should comply with other requirements set forth in the Federal Rules of Civil Procedure.  The caption of the complaint "must name all the parties," Fed. R. Civ. P. 10(a).  "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The plaintiff must sign the complaint.  See Fed. R. Civ. P. 11(a).

## II. Filing Fee

Further, if Galvan wishes to pursue this action, he must also pay a $350 filing fee and the $50 administrative fee or file a request to proceed without prepayment of the fee (often referred to as a motion for leave to proceed in forma pauperis). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the Court dismisses the action upon a preliminary screening, see 28 U.S.C.

§§ 1915(e)(2), 1915A, or Galvan is otherwise unsuccessful in this action, he remains obligated to pay the $350 filing fee.[1]

III. **ORDER**

In accordance with the foregoing, it is hereby ORDERED

1. If Galvan wishes to pursue this action he must, within thirty-five days of the date of this order (a) Pay the $400 filing and administrative fees or file a motion for leave to proceed in forma pauperis with a six-month certified prison account statement; and (b) file a complaint.

Failure to comply with this order will result in dismissal of the action without prejudice. The Clerk shall send Galvan an Application to Proceed in District Court Without Prepaying Fees or Costs, which Galvan may complete and file (with the prison account statement) as a motion for leave to proceed in forma pauperis.

2. The Memorandum Of Law (Docket No. 1) that was entered on the docket as a Motion for Temporary Restraining Order is DENIED WITHOUT PREJUDICE.

**So ordered.**

                                                           /s/ Nathaniel M. Gorton
                                                     Nathaniel M. Gorton
                                                    United States District Judge

Dated: June 4, 2019

---

[1] The $50 administrative fee is waived for a prisoner proceeding in forma pauperis.